| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-CR-00012-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW ADAM TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion for Sentence Reduction Under Guideline Amendment 821, Part A [Doc. 113]. The Government has responded [Doc. 114], and this matter is ripe for consideration.

## I. BACKGROUND

On June 26, 2020, Defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine [Docs. 55, 58]. Based on a total offense level of 29 and a criminal history category of IV, Defendant's guideline range was 121 to 151 months' imprisonment [Doc. 64, ¶ 62]. The Government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) recommending a one-level departure, lowering the total offense level to 28 and the resulting guideline range to 110 to 137 months. The Court granted the motion and sentenced Defendant to 110 months' imprisonment. Defendant is currently housed at FCI Beckley, and his projected release date is February 9, 2028. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 25, 2026). He now moves for a sentence reduction pursuant to Amendment 821.

## II.   ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted).  Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" via a retroactively applicable amendment. 18 U.S.C. § 3582(c)(2).  When determining whether to grant a sentence reduction under § 3582(c)(2), a court must first "determine the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing," then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Part A of Amendment 821, which took effect on February 1, 2024, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence.  U.S.S.G. § 1B1.10(d). It amended § 4A1.1 (Criminal History category) so that defendants with six or less criminal history points would no longer receive any status points and those defendants with more than six criminal history points would receive one status point, rather than two.  *See* U.S.S.G. § 1B1.10, cmt. 7.

Part B, Subpart 1, of Amendment 821, created a new Chapter 4 guideline at § 4C1.1 (Adjustment for certain zero-point offenders) to provide for a two-level decrease for having received no criminal history points under Chapter 4, Part A, and who otherwise were not disqualified based on specified aggravating factors.

Defendant is not a zero-point offender.  The only issue is the effect of Part A of Amendment

2

821. At the time of sentencing, Defendant received seven criminal history points, two of which were status points. If he were sentenced today, he would receive no status points. That would reduce his criminal history points from seven to five and would place him in criminal history category III. His corresponding guideline range would be 108-135 months' imprisonment. A comparable one-level reduction to reflect the qualifying government motion would yield a sentence between 97 and 121 months.

Defendant asks this Court to reduce his sentence to 97 months' imprisonment [Doc. 113]. The Government acknowledges that the Court has discretion to grant that request and reduce his sentence, but highlights that the Court could reasonably exercise its discretion and either grant a lesser reduction or none at all based on the severity of the offense, his post-sentence conduct, and because his existing 110-month sentence fits within his newly-amended guideline range. *See* U.S.S.G. § 1B1.10, cmt. 1(B).

Defendant's post-sentencing conduct has been mostly poor. His disciplinary record reflects five infractions, including two incidents of fighting with another inmate. [Doc. 114-1]. The most recent infraction occurred in February 2025. The Bureau of Prisons currently considers Defendant a high risk of recidivism, the highest level on its four-level scale. However, Defendant is participating in the residential drug abuse treatment program, as well as a medication-assisted treatment program. [Doc. 114-2].

This record weighs against granting Defendant the benefit of a sentence reduction. His misconduct demonstrates a consistent lack of respect for institutional authority and an unwillingness to follow rules while in custody—conduct that undermines the persuasiveness of his request for a greater reduction. Incarcerated misconduct has consequences, and Defendant's disciplinary history cannot be ignored. Additionally, Defendant's offense conduct ordinarily

3

requires a sentence of no less than ten years in prison, and the Court has already sentenced him below the statutory minimum.

The Court recognizes that Defendant has made some efforts towards rehabilitation through his participation in the Bureau of Prison's drug treatment programs. But on balance, those efforts are outweighed by his disciplinary record. Balancing these considerations under the § 3553(a) factors, the Court finds that a reduction is not warranted. Accordingly, a sentence of 110 months' imprisonment appropriately reflects Defendant's history and characteristics, the need for deterrence and respect for the law, and his rehabilitation efforts while incarcerated.

## III. CONCLUSION

For the reasons stated herein, Defendant's Motion for Sentence Reduction Under Guideline Amendment 821, Part A [Doc. 113] is **DENIED.**

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

4